DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BYRON MCGRAW**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-232

[May 16, 2018]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Leonard Hanser, Judge; L.T. Case No. 50-2016-CT-013594-AXXX-NB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

**ON MOTION FOR CERTIFICATION OF QUESTION**

KUNTZ, J.

On March 21, 2018, we answered the following rephrased question from the county court:

> Under the Fourth Amendment, may a warrantless blood draw of an unconscious person, incapable of giving actual consent, be pursuant to section 316.1932(1)(c), Florida Statutes (2016) ("Any person who is incapable of refusal by reason of unconsciousness or other mental or physical condition is deemed not to have withdrawn his or her consent to [a blood draw and testing]."), so that an unconscious defendant can be said to have "consented" to the blood draw?

*McGraw v. State*, 44 Fla. L. Weekly D618 (Fla. 4th DCA Mar. 21, 2018). We answered the rephrased certified question in the affirmative, and

affirmed the county court's denial of the Defendant's motion to suppress.[1]
*Id.*

The Defendant moves to certify the question to the Florida Supreme Court. We grant the motion to the extent stated herein, and certify to the Florida Supreme Court that the question above is one of great public importance. *See* Fla. R. App. P. 9.030(a)(2)(A)(v) ("The discretionary jurisdiction of the supreme court may be sought to review . . . decisions of district courts of appeal that . . . pass upon a question certified to be of great public importance").

*Question certified.*

GERBER, C.J., and GROSS, J., concur.

\*       \*       \*

***FINAL UPON RELEASE; NO MOTION FOR REHEARING WILL BE ENTERTAINED; MANDATE ISSUED SIMULTANEOUSLY WITH OPINION.***

---

[1] Judge Gross dissented from our holding in this case. However, he concurs in the Court's decision to grant the motion to certify the question as one of great public importance.